**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**ARI GOLD,**

       **Plaintiff,**

**v.**                                         **Civil Action No.  2:21-CV-00150**
                                              **Honorable Thomas E. Johnston**

**CITY OF PARKERSBURG, THOMAS JOYCE
BOBBY MCCLUNG, RICHARD GOFF,
JASON MATTHEWS, SHANE SEMONES,
JOHN DOE NO. 1, JOHN DOE NO. 2,
AND JOHN DOE NO. 3,**

       **Defendants.**

**DEFENDANTS CITY OF PARKERSBURG, THOMAS JOYCE, BOBBY MCCLUNG,
RICHARD GOFF, JASON MATTHEWS, AND SHANE SEMONES' REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

       NOW COME the Defendants, City of Parkersburg, Thomas Joyce, Bobby McClung, Richard Goff, Jason Matthews, and Shane Semones, by counsel, Cy A. Hill, Jr., Allison M. Subacz and Cipriani & Werner, P.C., and hereby submit the following Reply to Plaintiff's Response to the Defendants' Motion to Dismiss and state as follows:

       **A.**      **Plaintiff's claims for violations of Plaintiff's constitutional rights should be
               dismissed as the Defendants did not violate Plaintiff's constitutional rights.
               Alternatively, the Defendants are entitled to qualified immunity.**

       Contrary to Plaintiff's arguments, warrantless administrative searches are not solely limited to the areas of mining, the sale of alcohol, the sales of firearms, and the operation of an automobile junkyard.  There is no absolute rule governing the constitutionality of administrative searches.  In fact, the United States Supreme Court has held "any constitutional challenge to the reasonableness of programs for inspection of business premises . . . can only be resolved on a case-

1

by-case basis under the general Fourth Amendment standard of reasonableness." <u>See v. City of Seattle</u>, 387 U.S. 541, 546 (1967).

As a result of the reasonableness standard and in order to determine whether an administrative inspection is constitutional, the United States Supreme Court has held that factors should be considered such as whether the ordinance serves a substantial governmental interest, whether the inspection is necessary to further those interests, the intrusiveness of the inspection, and whether the governmental interest in the search outweighs the individual interest of privacy. *See generally*, <u>New York v. Burger</u>, 482 U.S. 691 (1987) (Brennan, J., dissenting). As discussed in the Defendants' Motion to Dismiss, West Virginia law provides municipalities the authority to provide for the entering and inspection of private premises to aid in the enforcement of any state's law or municipal ordinance. There is a substantial government interest in conducting inspections and applying the regulatory scheme under the Building Code and Fire Code in order to ensure the safety of the work and its compliance with those codes. The searches conducted pursuant to those codes may only be conducted in very limited circumstances. Further, the regulatory framework, which sets forth who may conduct such inspections, notifies premises owners that representatives of the City Department of Public Work are so authorized. As the Defendants acted pursuant to authority granted to municipalities under West Virginia law, a valid City Building Code, and a valid Fire Code, they did not violate the Plaintiff's Fourth Amendment rights. Accordingly, a dismissal of Counts One, Two, and Three is appropriate.

Alternatively, as argued in Defendants' Memorandum of Law in Support of their Motion to Dismiss, the Defendants are entitled to qualified immunity as their actions did not violate any clearly established constitutional rights. The United States Supreme Court has stated that these inspection programs must be analyzed on a case-by-case basis. The Defendants are not aware of

any controlling authority in West Virginia that stands for the proposition that warrantless administrative searches under a valid Building Code and Fire Code inspection program are unconstitutional.  At all times material hereto, the Defendants acted in good faith pursuant to the authority granted them by the City Parkersburg Building Code and Fire Code. According, should the Court find that a constitutional violation may have occurred, the Defendants are entitled to qualified immunity.

     **B.**     **The Plaintiff's Complaint fails to plead a supervisory liability claim against Defendant Joyce (Count Three).**

In his Response, Plaintiff argues that Mayor Joyce's actions "[go] far beyond mere 'acquiensence,' and impugns liability to Mayor Joyce." *See* Response at p. 14 [ECF No. 7] However, Plaintiff's allegations in the Complaint merely indicate that Mayor Joyce was on the premises and that he spoke with Plaintiff over the phone.  *Compl*. at ¶ 16, 17, 30, and 31.  The Plaintiff has not alleged factual allegations that Mayor Joyce committed any independent constitutional violations.   Rather, the allegations indicated that Mayor Joyce acquiesced in the alleged actions of city employees.

Under <u>Ashcroft v. Iqbal</u>, 566 U.S. 662 (2009), the United States Supreme Court held that government officials could not be held liable for the unconstitutional conduct of their subordinates because of *respondeat superior* and also because vicarious liability was inapplicable to Section 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the US Constitution.  Because Plaintiff has failed to plead any allegations that Mayor Joyce committed any independent constitutional violations, dismissal of Count Three against Mayor Joyce is appropriate.

     **C.**     **The City of Parkersburg cannot be held vicariously liable for the actions of the Defendants as the Defendants' alleged actions were purely intentional in nature.**

In his Response, Plaintiff argues that "West Virginia courts recognize negligent supervision and training claims as a cause of action grounded in state law and distinct from claims asserted under 42 U.S.C. §1983, and are covered by general negligence principles." Response at ¶ 14 [ECF No. 7].  In support of this argument, Plaintiff cited to Neiswonger v. Hennessey, 215 W.Va. 749, 601 S.E.2d 69 (W. Va. 2004).  However, the Neiswonger case does not address the validity of a negligent supervision and training claim.  Rather, that case was an appeal from the grant of summary judgment on the Plaintiffs' state law claims on the basis of collateral estoppel because a federal court granted summary judgment to the Defendants on Plaintiffs' claims for federal civil rights, by concluding that the Officer's action were objectively reasonable.  *See generally*, id.

It is evident that West Virginia does not recognize a stand-alone claim for negligent training or supervision." *See* Heslep v. Americans for African Adoption, Inc., 890 F. Supp. 2d 671, (N.D.W. Va. 2012); Ball v. Baker, 2012 U.S. Dist. LEXIS 132885, 2012 WL 4119127, *11 (S.D.W. Va. Sept. 18, 2012) ("The Court has not found, and the parties have not cited to, any state authority for a stand-alone claim for negligent training or supervision."); Webb v. Raleigh County Sheriff's Dept., 761 F. Supp.2d 378, 397 (S.D.W.Va. 2010) (same).

As such, negligent training and supervision claims have been treated like other claims based in tort. Ball, 2012 U.S. Dist. LEXIS 132885, 2012 WL 4119127, *11.  Furthermore, "a claim for negligent supervision requires a separate finding of negligence on the part of the employee being supervised."  Heslep, 2012 U.S. Dist. LEXIS 120839, 2012 WL 3686769, *12; *see also* Taylor v. Cabell Huntington Hosp., Inc., 208 W. Va. 128, 538 S.E.2d 719, 725 (W. Va. 2000).

Furthermore, "a mere allegation of negligence does not turn an intention tort into negligent conduct."  Benavidez v. United States, 177 F.3d 927, 931 (10th Cir. 1999).  The United States

4

Supreme Court has held that "[i]ntentional torts, as distinguished from negligent or reckless torts . . . generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'" Kawaaugau v. Geigeru, 523 U.S. 57, 62 (1998).   Moreover, a claim for negligence cannot be premised solely on a defendant's alleged commission of an intentional tort.  Brown v. J.C. Penney Corp. 521 F. App'x 922, 924 (11th Cir. 2013) (per curiam).

In this case, there are no allegations which would support "separate finding of negligence on the part of the employee[s] being supervised." Plaintiff has not pled that the city employees acted negligently.  It is clear from the allegations of the Complaint that the Defendants Semones, Goff, McClung, and Matthews intentionally entered the building. Accordingly, their actions cannot be said to be negligent under the facts as pled in the Complaint.  Thus, a dismissal of Count Four is also appropriate on this basis.

**WHEREFORE**, for the reasons articulated hereinabove and in the Defendants' previously filed memorandum of law, the Defendants respectfully move this Honorable Court to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and any other relief deemed appropriate by the Court.

_/s/ Allison M. Subacz_____
**Cy A. Hill, Jr. (WVSB ID No. 8816)**
**Allison M. Subacz (WVSB ID No. 11378)**
**Cipriani & Werner, P.C.**
**Laidley Tower**
**500 Lee Street East, Suite 900**
**Charleston, WV 25301**
**(304) 341-0500**
**(304) 341-0507 (fax)**
**chill@c-wlaw.com**
**asubacz@c-wlaw.com**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**ARI GOLD,**

     **Plaintiff,**

**v.**                                       **Civil Action No. 2:21-CV-00150**
                                                **Honorable Thomas E. Johnston**

**CITY OF PARKERSBURG, THOMAS JOYCE
BOBBY MCCLUNG, RICHARD GOFF,
JASON MATTHEWS, SHANE SEMONES,
JOHN DOE NO. 1, JOHN DOE NO. 2,
AND JOHN DOE NO. 3,**

     **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel for the Defendants hereby certify that on this 21st day of April, 2021, I electronically filed the foregoing **DEFENDANTS CITY OF PARKERSBURG, THOMAS JOYCE, BOBBY MCCLUNG, RICHARD GOFF, JASON MATTHEWS, AND SHANE SEMONES' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** with the Clerk of the Court using the CFM/ECF system which will send notification of such filing to the below listed CM/ECF participant.

Anne C. Labes, Esquire
Anne C. Labes, Attorney at Law
1160 Bethel Road
Marietta, OH 45750
*Counsel for Plaintiff*

    _/s/ Allison M. Subacz_____
**Cy A. Hill, Jr. (WVSB ID No. 8816)
Allison M. Subacz (WVSB ID No. 11378)**

6